Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LELSIE KLEIN,<br><br>    Debtor.<br>_____<br><br>THE FRANKLIN MENLO IRREVOCABLE TRUST ESTABLISHED ON MARCH 1, 1983,<br><br>    Plaintiff,<br><br>v.<br><br>LESLIE KLEIN,<br><br>    Defendant.<br>_____ | Case No. 2:23-bk-10990-SK<br><br>Adv. No. 2:23-ap-01152-SK<br><br>Chapter 11<br><br>☐ JOINT STATUS REPORT<br>☒ **UNILATERAL STATUS REPORT FOR ADVERSARY PROCEEDING**<br><br>LOCAL BANKRUPTCY RULE 7016-1(a)(2)<br><br>Date:    August 9, 2023<br>Time:   9:00 a.m.<br>Place:   Courtroom 1575 |

In accordance with Local Bankruptcy Rule ("**LBR**") 7016-1(a)(2), the party/parties submit the following ☐ JOINT STATUS REPORT or ☒ UNILATERAL STATUS REPORT:

UNILATERAL STATUS REPORT

1     The Plaintiff's attorney, Paul Young on July 25, 2023, indicated to counsel for the Defendant that his "associate" would be preparing the joint status report. Counsel on July 31, 2023, again inquired to Mr. Young about the joint status report, and to date Defendant's counsel has received nothing from Plaintiff.

A. **PLEADINGS/SERVICE:**

    1.     Have all parties been served?     ☒ YES ☐ NO

    2.     Have all parties filed and served answers to the complaint/counter-complaints/etc.?
    ☐ YES ☒ NO

    3.     Have all motions addressed to the pleadings been resolved?
    ☐ YES ☒ NO

    4.     Have counsel met and conferred in compliance with LBR 7026-1?
    ☐ YES ☒ NO

    5.     If your answer to any of the four preceding questions is anything other than an unqualified "YES", then please explain below (or on attached page):

    Plaintiff received a default on the Complaint on July 18, 2023. Defendant will have filed a Motion to Vacate the Default by the time of the status conference, and has set it for hearing on September 6, 2023.

B. **READINESS FOR TRIAL:**

    1.     When will you be ready for trial in this case?

    **Plaintiff:**

    **Defendant:** N/A

    2.     If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.

    **Plaintiff:**

    **Defendant:** N/A

    3.     When do you expect to complete your discovery efforts?

    **Plaintiff:**

1 | **Defendant:** N/A

2. 4. What additional discovery do you require to prepare for trial?

3 | **Plaintiff:**

4 | **Defendant:** N/A

C. **TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

**Plaintiff:**

**Defendant:** N/A

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

**Plaintiff:**

**Defendant:** N/A

3. How many exhibits do you anticipate using at trial?

**Plaintiff:**

**Defendant:** N/A

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See LBR 7016-1] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

**Plaintiff:**

Pretrial conference ☐ is ☐ is not requested

Reasons:

**Defendant:**

1 | Pretrial conference ☒ is ☐ is not requested

2 | Reasons:

3 |

4 | **Plaintiff:**

5 | Pretrial conference should be set <u>after</u>:

6 | (*date*) **close of discovery and time for a summary judgment motion to be heard**

7 | **Defendant:**

8 | Pretrial conference should be set <u>after</u>:

9 | (*date*) **close of discovery and time for a summary judgment motion to be heard**

10 |

11 | E.  **SETTLEMENT:**

12 | 1.  What is the status of settlement efforts? None at this point

13 |

14 | 2.  Has this dispute been formally mediated? ☐ YES ☒ NO

15 | If so, when?

16 |

17 | 3.  Do you want this matter sent to mediation at this time?

18 | **PLAINTIFF** ☐ YES ☐ NO    **DEFENDANT** ☒ YES ☐ NO

19 |

20 | F.  **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*use additional*

21 | *page if necessary*)

22 | On May 11, 2023, Plaintiff The Franklin Menlo Irrevocable Trust established on March 1,

23 | 1983 filed the Complaint For Non-Dischargeability of Debt, and Denial of Discharge under

24 | Bankruptcy Code §§ 523, 727 (the "**Complaint**") against the Defendant Leslie Klein [Doc #1].

25 | On May 12, 2023, the Court's Summons & Notice of Status Conference ("**Summons**")

26 | [Doc #2] set June 12, 2023 as the Defendant's deadline to respond to the Complaint, and a status

27 | conference on the matter for August 9, 2023 at 9:00 a.m. (the "**Status Conference**").

28 | On or about June 15, 2023, Klein's then counsel Eric Olson ("**Olson**"), who had just been

1 recently on May 23, 2023 substituted in as counsel for Klein (Doc #150 in main case) requested a 30-day extension to respond to the Complaint, and represented that the Defendant needed time to retain experienced bankruptcy counsel for the adversary proceeding.

On or about June 15, 2023, the parties filed the Stipulation to Extend Time to Respond to the Complaint. [Doc #9].

On June 21, 2023, the Court signed the Order on Stipulation to Extend Time to Respond to the Complaint, continuing Defendant's response date to June 27, 2023. [Doc #12].

On or about July, 2023, the parties again filed the Stipulation to Extend Time to Respond to the Complaint. [Doc #14], which requested that Defendant's response date be extended to July 12, 2023. The Court has not entered an order approving this stipulation.

On July 18, 2023, Plaintiff proceeded to file its Request for the Clerk to Enter Default Pursuant to LBR 7055 (a)(1) (See, Doc #17 and 18) (the **"Request for Default"**). On July 18, 2023, the clerk entered a default on the Request for Default (Doc # 19).

On July 19, 2023, Defendant's counsel contacted counsel for the Plaintiff, indicating that new counsel would be substituted in who was a sophisticated bankruptcy attorney and requesting a continuance to August 15, to file a response to the Complaint, to enable new counsel to familiarize himself with this adversary proceeding and the other pending adversary proceedings, and the bankruptcy case in general.

In connection with the Complaint, the Plaintiff hired experienced competent bankruptcy counsel (Michael Kogan of the Kogan Law Firm, APC – who substituted in on July 24, 2023). Mr. Kogan is extremely familiar with both the issues in this adversary proceeding, and the rules and procedures of this Court to enable the adversary proceeding to proceed in a normal manner.

On July 24, 2023, the day Mr. Kogan substituted in as counsel, he called Paul Young, counsel for the Plaintiff. Although Mr. Young did not answer, he left a message indicating that he had substituted in as counsel for the Defendant and was requesting a continuance of the August 9, 2023 status conference, a vacation of the default and a reasonable time to respond to the Complaint.

On July 25, 2023, Mr. Kogan and Mr. Young had a lengthy discussion regarding the

adversary proceeding and the bankruptcy case in general and again Mr. Kogan requested a continuance of the August 9, 2023 status conference, a vacation of the default and a reasonable time to respond to the Complaint, and the preparation of the joint status report. Mr. Young indicated he would speak with his client.

On July 26, 2023, Mr. Kogan called Mr. Young in the morning to inquire if he had been able to discuss the requested continuances and vacation of the default with his client. Mr. Young stated he was scheduled to talk with his client at 3:00 p.m., and would get back to Mr. Kogan after that conversation.

On July 27, 2023, Mr. Kogan received Mr. Young's response which stated that "I have discussed your request seeking a stipulation to set aside the entry of default with my client, and he is unwilling to agree to your request. I understand that you will need to bring a Motion to Set Aside the Default, and we will oppose it accordingly. I have enjoyed our professional and cordial working relationship to date, and I do not want our refusal to stipulate in this instance to be seen as a "shot over the bow" as we move forward in the bankruptcy cases. Please always reach out to me if you need any accommodation or other professional courtesy."

On July 28, 2023, Mr. Kogan responded "I am of course extremely disappointed that you would force all to incur further needless expenses on this matter. That being said I will be filing a motion to vacate the default and have it set for hearing most likely on 9/6. If you change your mind please let me know."

On July 31, 2023, Mr. Kogan sent an email to Mr. Young, copying his associate Mr. Stevens, inquiry as to the sending of a joint status report. No response has been received as of the date of the filing of this unilateral status report.

Plaintiff received a default on the Complaint on July 18, 2023. Defendant will have filed a Motion to Vacate the Default by the time of the status conference, and has set it for hearing on September 6, 2023.

DATED: August 2, 2023

**KOGAN LAW FIRM, APC**
Michael S. Kogan

By: /s/ Michael S. Kogan
Michael S. Kogan
Attorneys for Defendant

## **DECLARATION OF MICHAEL S. KOGAN**

I, Michael S. Kogan, declare:

1. I am a principal of the Kogan Law Firm, APC, counsel to Leslie Klein (the "**Debtor**" or "**Defendant**"), in the Complaint for Non-Dischargeability of Debt, and Denial of Discharge under Bankruptcy Code §§ 523, 727 (the "**Complaint**"). The contents of this declaration are based upon my personal knowledge of the facts set forth herein, which concern matters under my supervision or control within the scope of my duties with the entities discussed herein. If called as a witness, I could and would competently testify under oath to the facts set forth herein. If any facts are based upon information and belief, I so state. I have reviewed the Motion and supporting declaration and exhibits.

2. On May 11, 2023, Plaintiff The Franklin Menlo Irrevocable Trust established on March 1, 1983 filed the Complaint For Non-Dischargeability of Debt, and Denial of Discharge under Bankruptcy Code §§ 523, 727 (the "**Complaint**") against the Defendant Leslie Klein [Doc #1].

3. On May 12, 2023, the Court's Summons & Notice of Status Conference ("**Summons**") [Doc #2] set June 12, 2023 as the Defendant's deadline to respond to the Complaint, and a status conference on the matter for August 9, 2023 at 9:00 a.m. (the "**Status Conference**").

4. On or about June 15, 2023, Klein's then counsel Eric Olson ("**Olson**"), who had just been recently on May 23, 2023 substituted in as counsel for Klein (Doc #150 in main case) requested a 30-day extension to respond to the Complaint, and represented that the Defendant needed time to retain experienced bankruptcy counsel for the adversary proceeding.

5. On or about June 15, 2023, the parties filed the Stipulation to Extend Time to Respond to the Complaint. [Doc #9].

6. On June 21, 2023, the Court signed the Order on Stipulation to Extend Time to Respond to the Complaint, continuing Defendant's response date to June 27, 2023. [Doc #12].

7. On or about July, 2023, the parties again filed the Stipulation to Extend Time to Respond to the Complaint. [Doc #14], which requested that Defendant's response date be

extended to July 12, 2023. The Court has not entered an order approving this stipulation.

8. On July 18, 2023, Plaintiff proceeded to file its Request for the Clerk to Enter Default Pursuant to LBR 7055 (a)(1) (See, Doc #17 and 18) (the "**Request for Default**"). On July 18, 2023, the clerk entered a default on the Request for Default (Doc # 19).

9. On July 19, 2023, Defendant's counsel contacted counsel for the Plaintiff, indicating that new counsel would be substituted in who was a sophisticated bankruptcy attorney and requesting a continuance to August 15, to file a response to the Complaint, to enable new counsel to familiarize himself with this adversary proceeding and the other pending adversary proceedings, and the bankruptcy case in general.

10. In connection with the Complaint, the Plaintiff hired experienced competent bankruptcy counsel (Michael Kogan of the Kogan Law Firm, APC – who substituted in on July 24, 2023). Mr. Kogan is extremely familiar with both the issues in this adversary proceeding, and the rules and procedures of this Court to enable the adversary proceeding to proceed in a normal manner.

11. On July 24, 2023, the day Mr. Kogan substituted in as counsel, he called Paul Young, counsel for the Plaintiff. Although Mr. Young did not answer, he left a message indicating that he had substituted in as counsel for the Defendant and was requesting a continuance of the August 9, 2023 status conference, a vacation of the default and a reasonable time to respond to the Complaint.

12. On July 25, 2023, Mr. Kogan and Mr. Young had a lengthy discussion regarding the adversary proceeding and the bankruptcy case in general and again Mr. Kogan requested a continuance of the August 9, 2023 status conference, a vacation of the default and a reasonable time to respond to the Complaint, and the preparation of the joint status report. Mr. Young indicated he would speak with his client.

13. On July 26, 2023, Mr. Kogan called Mr. Young in the morning to inquire if he had been able to discuss the requested continuances and vacation of the default with his client. Mr. Young stated he was scheduled to talk with his client at 3:00 p.m., and would get back to Mr. Kogan after that conversation.

14. On July 27, 2023, Mr. Kogan received Mr. Young's response which stated that "I have discussed your request seeking a stipulation to set aside the entry of default with my client, and he is unwilling to agree to your request. I understand that you will need to bring a Motion to Set Aside the Default, and we will oppose it accordingly. I have enjoyed our professional and cordial working relationship to date, and I do not want our refusal to stipulate in this instance to be seen as a "shot over the bow" as we move forward in the bankruptcy cases. Please always reach out to me if you need any accommodation or other professional courtesy."

15. On July 28, 2023, Mr. Kogan responded "I am of course extremely disappointed that you would force all to incur further needless expenses on this matter. That being said I will be filing a motion to vacate the default and have it set for hearing most likely on 9/6. If you change your mind please let me know."

16. On July 31, 2023, Mr. Kogan sent an email to Mr. Young, copying his associate Mr. Stevens, inquiry as to the sending of a joint status report. No response has been received as of the date of the filing of this unilateral status report.

17. Plaintiff received a default on the Complaint on July 18, 2023. Defendant will have filed a Motion to Vacate the Default by the time of the status conference, and has set it for hearing on September 6, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2th day of August 2023, at Los Angeles, California

/s/Michael S. Kogan
Michael S. Kogan

| | |
|---|---|
| In re: LESLIE KLEIN<br>       Debtor(s).<br>Franklin H. Menlo, co-trustee of<br>The Franklin Menlo Irrevocable Trust<br>established on March 1, 1983 v Leslie Klein | CHAPTER: 11<br>CASE NUMBER: 2:23-bk-10990-SK<br>Adv. No. 2:23-ap-01152-SK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064

A true and correct copy of the foregoing document described as **UNILATERAL STATUS REPORT FOR ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 2, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **August 2, 2023**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **August 2, 2023** | Pamela Lynn | /s/Pamela Lynn |
|---|---|---|
| Date | Type Name | Signature |

| In re: LESLIE KLEIN<br>        Debtor(s).<br>Franklin H. Menlo, co-trustee of<br>The Franklin Menlo Irrevocable Trust<br>established on March 1, 1983 v Leslie Klein | CHAPTER: 11<br>CASE NUMBER: 2:23-bk-10990-SK<br>Adv. No. 2:23-ap-01152-SK |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

  Eric J. Olson on behalf of Defendant Leslie Klein: eric@ejolsonlaw.com
  • Paul P. Young on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983: paul@cym.law; jaclyn@cym.law
  • Nikko Salvatore Stevens on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983: nikko@cym.law; mandi@cym.law
  Alan G Tippie on behalf of Interested Party Courtesy NEF: Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
  • Clarisse Young on behalf of Interested Party Courtesy NEF: youngshumaker@smcounsel.com, levern@smcounsel.com
  • Michael I. Gottfried on behalf of Interested Party Courtesy NEF: mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** - VIA U.S. MAIL

 Hon. Sandra Klein
 U.S. Bankruptcy Court
 255 E. Temple St. #1582
 Los Angeles, CA 90012