

Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Defendant
and the Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | ) Adv. No. 2:23-ap-01152-SK |
| LELSIE KLEIN, | ) Case No. 2:23-bk-10990-SK |
| Debtor. | ) |
| | ) Chapter 11 |
| ------------------------------------- | ) |
| THE FRANKLIN MENLO IRREVOCABLE | ) **MOTION TO SET ASIDE DEFAULT;** |
| TRUST ESTABLISHED ON MARCH 1, | ) **MEMORANDUM OF POINTS AND** |
| 1983, | ) **AUTHORITIES AND DECLARATION OF** |
| | ) **MICHAEL KOGAN IN SUPPORT** |
| Plaintiff, | ) **THEREOF** |
| | ) |
| vs. | ) **Date:** September 6, 2023 |
| | ) **Time:** 9:00 a.m. |
| LESLIE KLEIN, | ) **Place:** Courtroom 1575 |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| ------------------------------------- | ) |

Leslie Klein (the "**Debtor**" or "**Defendant**"), hereby moves this Court on its Motion to Set Aside Default (the "**Motion**") to the Complaint For Non-Dischargeability of Debt, and Denial of Discharge under Bankruptcy Code §§ 523, 727 (the "**Complaint**") filed by The Franklin Menlo Irrevocable Trust established on March 1, 1983 (the "**Plaintiff**").

---

**MOTION TO SET ASIDE DEFAULT**

1

2      The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P.

3  55(c) because there is good cause for Defendant's delay in appearing in this action. Defendant is

4  ready and willing to litigate this adversary proceeding.   Defendant's delay in responding was not

5  culpable, Defendant has meritorious defenses, and Plaintiff will not suffer any prejudice in

6  pursuing its claims if default is set aside. Therefore, Defendant has met the good cause standard of

7  Rule 55(c) and this Court should set aside the entry of default against him. For the foregoing

8  reasons, the Plaintiff respectfully requests that the Court grant the Motion.  The default should be

9  vacated by the Court.

10      The Defendant therefore respectfully requests the Court to grant its motion to vacate the

11  default entered by the Clerk of the Court in this matter.

12      The Motion is based on this Motion and Memorandum of Points and Authorities filed

13  herewith, the Notice, Declaration of Michael Kogan, all papers, pleadings, files and records in this

14  case and such evidence as the Court might receive at the time of the hearing.

15

16  DATED: August 2, 2023                    **KOGAN LAW FIRM, APC**
                                             Michael S. Kogan
17

18

19                               By:   /s/Michael S. Kogan
                                       Michael S. Kogan
20                                     Attorneys for Leslie Klein

21

22

23

24

25

26

27

28

**MOTION TO SET ASIDE DEFAULT**

# I.

## INTRODUCTION

Leslie Klein (the "**Debtor**" or "**Defendant**"), moves this Court on its Motion to Set Aside Default (the "**Motion**") to the Complaint For Non-Dischargeability of Debt, and Denial of Discharge under Bankruptcy Code §§ 523, 727 (the "**Complaint**") filed by The Franklin Menlo Irrevocable Trust established on March 1, 1983 (the "**Plaintiff**").

The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this action. Defendant is ready and willing to litigate this adversary proceeding.   Defendant's delay in responding was not culpable, Defendant has meritorious defenses, and Plaintiff will not suffer any prejudice in pursuing its claims if default is set aside. Therefore, Defendant has met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against him. For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the Motion.  The default should be vacated by the Court.

The Defendant therefore respectfully requests the Court to grant its motion to vacate the default entered by the Clerk of the Court in this matter.

# II.

## BACKGROUND OF DEBTOR

The Debtor, a 76 year old attorney is a practicing orthodox Jew very involved in that community, who has throughout his career primarily practiced in the trusts and estates area of the law. Through a successful career, the Debtor set up many trusts and estate plans for his clients. In addition, for many clients in which he served as a trustee of their trust, he managed the assets of the trust and invested them in a number of valuable assets including insurance policies. This bankruptcy case was commenced on February 15, 2023, primarily due to a number of lawsuits commenced against the Debtor regarding his administering trustee duties and also pending foreclosure on his real property. Further, the chapter 11 petition was filed to stop various creditors from collecting on judgments, to appeal disputed State Court judgments, and to file an adversary

1  proceeding to stop avoidable preference in favor of a creditor to enable all creditors to be paid
2  equally.

### III.

### PROCEDURAL HISTORY

5      On May 11, 2023, Plaintiff, The Franklin Menlo Irrevocable Trust established on March 1,
6  1983 filed the Complaint For Non-Dischargeability of Debt, and Denial of Discharge under
7  Bankruptcy Code §§ 523, 727 (the "**Complaint**")  against the Defendant Leslie Klein [Doc #1].
8      On May 12, 2023, the Court's Summons & Notice of Status Conference ("**Summons**")
9  [Doc #2] set June 12, 2023 as the Defendant's deadline to respond to the Complaint, and a status
10  conference on the matter for August 9, 2023 at 9:00 a.m. (the "**Status Conference**").
11      On or about June 15, 2023, Klein's then counsel Eric Olson ("**Olson**"), who had just been
12  recently on May 23, 2023 substituted in as counsel for Klein (Doc #150 in main case) requested a
13  30-day extension to respond to the Complaint, and represented that the Defendant needed time to
14  retain experienced bankruptcy counsel for the adversary proceeding.
15      On or about June 15, 2023, the parties filed the Stipulation to Extend Time to Respond to
16  the Complaint. [Doc #9].
17      On June 21, 2023, the Court signed the Order on Stipulation to Extend Time to Respond to
18  the Complaint, continuing Defendant's response date to June 27, 2023. [Doc #12].
19      On or about July, 2023, the parties again filed the Stipulation to Extend Time to Respond
20  to the Complaint. [Doc #14], which requested that Defendant's response date be extended to July
21  12, 2023. The Court has not entered an order approving this stipulation.
22      On July 18, 2023, Plaintiff proceeded to file its Request for the Clerk to Enter Default
23  Pursuant to LBR 7055 (a)(1) (See, Doc #17 and 18) (the "**Request for Default**"). On July 18,
24  2023, the clerk entered a default on the Request for Default (Doc # 19).
25      On July 19, 2023, Defendant's counsel contacted counsel for the Plaintiff, indicating that
26  new counsel would be substituted in who was a sophisticated bankruptcy attorney and requesting a
27  continuance to August 15, to file a response to the Complaint, to enable new counsel to familiarize
28  himself with this adversary proceeding and the other pending adversary proceedings, and the

**MOTION TO SET ASIDE DEFAULT**

1    bankruptcy case in general. Attached hereto and incorporated herein by this reference as Exhibit

2    "A" is a copy of the Olson correspondence.

3         In connection with the Complaint, the Plaintiff hired experienced competent bankruptcy

4    counsel (Michael Kogan of the Kogan Law Firm, APC – who substituted in on July 24, 2023). Mr.

5    Kogan is extremely familiar with both the issues in this adversary proceeding, and the rules and

6    procedures of this Court to enable the adversary proceeding to proceed in a normal manner.

7         On July 24, 2023, the day Mr. Kogan substituted in as counsel, he called Paul Young,

8    counsel for the Plaintiff. Although Mr. Young did not answer, he left a message indicating that he

9    had substituted in as counsel for the Defendant and was requesting a continuance of the August 9,

10    2023 status conference, a vacation of the default and a reasonable time to respond to the

11    Complaint.

12        On July 25, 2023, Mr. Kogan and Mr. Young had a lengthy discussion regarding the

13    adversary proceeding and the bankruptcy case in general and again Mr. Kogan requested a

14    continuance of the August 9, 2023 status conference, a vacation of the default and a reasonable

15    time to respond to the Complaint, and the preparation of the joint status report. Mr. Young

16    indicated he would speak with his client.

17        On July 26, 2023, Mr. Kogan called Mr. Young in the morning to inquire if he had been

18    able to discuss the requested continuances and vacation of the default with his client. Mr. Young

19    stated he was scheduled to talk with his client at 3:00 p.m., and would get back to Mr. Kogan after

20    that conversation.

21        On July 27, 2023, Mr. Kogan received Mr. Young's response which stated that "I have

22    discussed your request seeking a stipulation to set aside the entry of default with my client, and he

23    is unwilling to agree to your request. I understand that you will need to bring a Motion to Set

24    Aside the Default, and we will oppose it accordingly. I have enjoyed our professional and cordial

25    working relationship to date, and I do not want our refusal to stipulate in this instance to be seen as

26    a "shot over the bow" as we move forward in the bankruptcy cases. Please always reach out to me

27    if you need any accommodation or other professional courtesy."

28        On July 28, 2023, Mr. Kogan responded "I am of course extremely disappointed that you

**MOTION TO SET ASIDE DEFAULT**

1  would force all to incur further needless expenses on this matter. That being said I will be filing a

2  motion to vacate the default and have it set for hearing most likely on 9/6. If you change your

3  mind please let me know." Attached hereto and incorporated herein by this reference as Exhibit

4  "B" is a copy of the July 27 and 28, 2023 emails.

5  **IV.**

6  **LEGAL STANDARD**

7      A.    <u>**Motion to Set Aside Default.**</u>

8        Federal Rule of Civil Procedure 55(c), incorporated into bankruptcy proceedings by

9  Federal Rule of Bankruptcy Procedure ("**FRBP**") 7055, allows a court to set aside entry of default

10  for "good cause," and allows the court to set aside default pursuant to Federal Rule of Civil

11  Procedure 60(b).  Under Federal Rule of Civil Procedure 60(b), incorporated into bankruptcy

12  proceedings by FRBP 9024, the court may grant relief from a final judgment or order for mistake,

13  inadvertence, surprise, or excusable neglect.  *See* Fed. R. Civ. P. 60(b)(1).  Such a motion must be

14  brought within a reasonable time of the court's entry of default.  *See* 1 Schwarzer, Tashima and

15  Wagstaffe, <u>California Practice Guide: Federal Civil Procedure Before Trial</u>, ¶ 6:150 at 6- 40

16  (2011). Factors to be considered when deciding whether to set aside an entry of default judgment

17  include: (1) whether the plaintiff would be prejudiced by a set-aside; (2) whether the defendant can

18  present a meritorious defense to the claim; and (3) whether the defendant's "culpable conduct" led

19  to the default.  <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984); <u>American Ass'n of Naturopathic</u>

20  <u>Physicians v. Hayhurst</u>, 227 F.3d 1104, 1108 (9th Cir. 2000).

21        The Ninth Circuit's good cause standard for setting aside entry of default is the same as

22  that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of

23  default is less rigid and is more generous to the party in default. <u>Franchise Holding II, LLC v.</u>

24  <u>Huntington Rests. Group, Inc.</u>, 375 F.3d 922, 925 (9th Cir. 2004). Further, "[t]he law does not

25  favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in

favor of the defaulting party."  <u>Bonita Packing Co.  v. O'Sullivan</u>, 165 F.R.D.  610, 614 (C.D.

26  Cal. 1995). <u>These factors are disjunctive, and the court may vacate entry of default if any of the</u>

27  <u>three factors is true</u>. <u>Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.</u>, 375 F.3d

28

922, 926 (9th Cir. 2004), quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

The court has discretion to determine whether good cause has been shown. See Curry v. Jensen, 523 F.2d 387, 388 (9th Cir. 1975).  The court's discretion is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment. Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974).

Leniency in setting aside a default is especially appropriate if the attorney failed the client. Girlsongs & Warner Bros., Inc. v. Starkey, 108 F.R.D. 275, 277 (N.D. Cal. 1984).  In reversing the dismissal of an action for failure to timely file a brief, the Ninth Circuit stated:

> [The] default was the fault of the attorneys, and not the litigant. Yet the impact of the sanction imposed is primarily against the client.  We have no intent to disavow the established principle that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his client. We do, however, believe that when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.

In Re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

Although no mention is expressly made in Rule 55(c) of "mistake" or "inadvertence," the analogous Rule 60(b) allows the court to vacate an entry of default judgment upon a showing of "mistake, inadvertence, or surprise."  The Ninth Circuit has clearly stated that the standard for setting aside an entry of default under Rule 55(c) is more liberal than that of vacating a default judgment under Rule 60(b).  Mendoza v Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1985).  In light of the less stringent standard for setting aside an entry of default, some courts have held that a finding of excusable neglect is not absolutely necessary. See Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 235 (N.D. Ga. 1975); Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 298 (S.D. Tex. 1967).

Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that the defaulted party acted quickly to cure the default and seek relief is a strong reason for the Court to exercise its discretion to set aside the default. 10 Charles A. Wright, Arthur R. Miller & Mary

1  Kay Kane, Federal Practice and Procedure § 2694 (1990). Put simply, if any good reason exists to

2  set aside the default, the Court should find good cause for doing so.

3       1.    **Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside**.

4       To be prejudicial, "the standard is whether [plaintiff's] ability to pursue his claim will be

5  hindered." Falk v Allen, 739 F.2d 461, 463 (9th Cir. 1984); TCI Group Life Ins. Plan v. Knoebber,

6  244 F.3d 691, 701 (9th Cir. 2001); *see also* Thompson v. American Home Assur. Co., 95 F.3d

7  429, 433-34 (6th Cir. 1996) (stating that "the delay must result in tangible harm such as loss of

8  evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").Here,

9  once substitute counsel was substituted into the adversary proceeding, he immediately contacted

10  Plaintiff's counsel regarding the default. Moreover, this occurred just days after the deadline agreed

11  upon between the Plaintiff and Defendant to file a response to the Complaint. Further, Defendants

12  former counsel contacted Plaintiff to update regarding Defendants representation issues in the

13  matter.

14       The fact that a party may be denied a quick victory is not sufficient to deny relief from

15  default judgment.  Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000).

16  "The delay must result in tangible harm such as loss of evidence, increased difficulties of

17  discovery, or greater opportunity for fraud or collusion." *Audio Toys*, 2007 U.S. Dist. LEXIS at

18  *9. Certainly, the short delay in getting response to the Complaint has not hindered the litigation

19  in any tangible way.

20       Allowing the case to move forward on the merits after only a short delay should not

21  prejudice Plaintiff's ability to litigate its case.  The only prejudice that might result to Plaintiff

22  by a denial of default judgment is that Plaintiff will not be able to ensure an easy victory.  As no

23  prejudice will result to Plaintiff in reopening this case, the good cause factor is satisfied.

24       *2.* **Defendant Can Present a Meritorious Defense to the Claim**.

25       "Where timely relief is sought from a default and the movant has a meritorious defense,

26  doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may

27  be decided on their merits." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994) (citation

28  omitted). A defense is considered meritorious if "there is some possibility that the outcome of the

1  suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters'

2  Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).  All that is required is an assertion of "a

3  factual or legal basis that is sufficient to raise a particular defense; the question of whether a

4  particular factual allegation is true is resolved at a later stage." Audio Toys, Inc. v. Smart AV

5  Pty Ltd., 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

6  The Zimmerman court set forth the standard for showing a meritorious defense:

7  > Because the preferred disposition of any case is upon the merits, the showing of a
8  > meritorious defense does not involve a heavy burden of proof. Thus, a party
9  > seeking to set aside a default need not prove his defense by a preponderance of the
9  > evidence. Rather, that party only carries the burden of producing competent
10  > evidence that establishes a factual or legal basis for the tendered defense.
10  > Zimmerman, 485 F. Supp. at 1497 (citations omitted).

11  In Keegal v. Key West & Caribbean Trading Company, Inc., 627 F.2d 372, 374 (D.C. Cir.

12  1980), the court stated that: "Likelihood of success is not the measure. Defendants' allegations are

13  meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a

14  complete defense." (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

15  Here as a preliminary matter the Complaint contains a cause of action under Sections

16  727(a)(2)(A), 727(a)(3), 727(a)(4) and 727(a)(5) of the Bankruptcy Code. Those sections of the

17  Bankruptcy Code are inapplicable to chapter 11 bankruptcy cases because they only apply to chapter

18  7 debtors. Therefore, those causes of action which were consumed in the default, must be stricken by

19  the Court. Those the Debtor clearly has a **meritorious** defense to those causes of action.

20  If Defendant prevails on these defenses, the outcome would be contrary to the result

21  achieved by default.  Therefore, Defendant has set forth a meritorious defense and satisfies the

22  second good cause factor.

23  Moreover, the other causes of action (523 (a)(2)(A), 523 (a)(4) and 523 (a)(6) all rely on

24  proceedings that occurred in State Court, and Plaintiff has not proved the elements of those actions

25  with respect to a 523 action, and thus on the face of the Complaint, Defendant has a **meritorious**

26  defense to those causes of action. If Defendant prevails on these defenses, the outcome would be

27  contrary to the result achieved by default. Therefore, Defendant has set forth a meritorious defense

28  and satisfies the second good cause factor.

3. **Defendant Cannot be Found to have "Culpable Conduct"**.

A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint. In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991); Gregorian v. Izvestia, 871 F.2d 1515, 1523 (9th Cir. 1989); Pena v. Seguros La Comercial, S.A., 770 F.2d 81, 815 (9th Cir.1985). On a motion to set aside a default, the movant's factual statement supporting his defense will be deemed to be true. Falk, 739 F.2d at 463; In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978).

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (questioned on other grounds); Further, in analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. *See id.* at 699 (finding defendant's delay in response not culpable because she was grieving the death of her husband and was not familiar with the legal system).

While Defendant did not file a response with the Court in time, Defendant's conduct was excusable, because Olson who is not familiar with bankruptcy, requested a professional courtesy of Plaintiffs' to allow for experienced bankruptcy counsel to be substituted in to defend in the adversary proceeding. Defendant had no intent to gain an advantage over the opposing party or to delay legal proceedings. As Defendant's delay in response was due to excusable neglect, the Court should find that Defendant's conduct was not culpable.[1]

Thus, no culpable conduct is found.

## V.

## CONCLUSION

Defendant is ready and willing to litigate this adversary proceeding. Defendant's delay in responding was not culpable, Defendant has meritorious defenses, and Plaintiff will not suffer any

---

[1] Mr. Olson should have simply obtained a stipulation to continue the matter or filed a motion with the Court if he could not obtain Plaintiffs cooperation. He did neither.

1 | prejudice in pursuing its claims if default is set aside. Therefore, Defendant has met the good

2 | cause standard of Rule 55(c) and this Court should set aside the entry of default against him.

3 |     For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the

4 | Motion.  The default should be vacated by the Court.

7 | DATED: August 3, 2023

/s/Michael S. Kogan
_____
Michael S. Kogan
Attorneys for Leslie Klein

**MOTION TO SET ASIDE DEFAULT**

## DECLARATION OF MICHAEL S. KOGAN

I, Michael S. Kogan, declare:

1.      I am a principal of the Kogan Law Firm, APC, counsel to Leslie Klein (the "**Debtor**" or "**Defendant**"), in the Complaint for Non-Dischargeability of Debt, and Denial of Discharge under Bankruptcy Code §§ 523, 727 (the "**Complaint**"). The contents of this declaration are based upon my personal knowledge of the facts set forth herein, which concern matters under my supervision or control within the scope of my duties with the entities discussed herein. If called as a witness, I could and would competently testify under oath to the facts set forth herein. If any facts are based upon information and belief, I so state. I have reviewed the Motion and supporting declaration and exhibits.

2.      On May 11, 2023, Plaintiff, The Franklin Menlo Irrevocable Trust established on March 1, 1983 filed the Complaint For Non-Dischargeability of Debt, and Denial of Discharge under Bankruptcy Code §§ 523, 727 (the "**Complaint**") against the Defendant Leslie Klein [Doc #1].

3.      On May 12, 2023, the Court's Summons & Notice of Status Conference ("**Summons**") [Doc #2] set June 12, 2023 as the Defendant's deadline to respond to the Complaint, and a status conference on the matter for August 9, 2023 at 9:00 a.m. (the "**Status Conference**").

4.      On or about June 15, 2023, Klein's then counsel Eric Olson ("**Olson**"), who had just been recently on May 23, 2023 substituted in as counsel for Klein (Doc #150 in main case) requested a 30-day extension to respond to the Complaint, and represented that the Defendant needed time to retain experienced bankruptcy counsel for the adversary proceeding.

5.      On or about June 15, 2023, the parties filed the Stipulation to Extend Time to Respond to the Complaint. [Doc #9].

6.      On June 21, 2023, the Court signed the Order on Stipulation to Extend Time to Respond to the Complaint, continuing Defendant's response date to June 27, 2023. [Doc #12].

7.      On or about July, 2023, the parties again filed the Stipulation to Extend Time to

1  Respond to the Complaint. [Doc #14], which requested that Defendant's response date be

2  extended to July 12, 2023. The Court has not entered an order approving this stipulation.

3      8.      On July 18, 2023, Plaintiff proceeded to file its Request for the Clerk to Enter

4  Default Pursuant to LBR 7055 (a)(1) (See, Doc #17 and 18) (the "**Request for Default**"). On July

5  18, 2023, the clerk entered a default on the Request for Default (Doc # 19).

6      9.      On July 19, 2023, Defendant's counsel contacted counsel for the Plaintiff,

7  indicating that new counsel would be substituted in who was a sophisticated bankruptcy attorney

8  and requesting a continuance to August 15, to file a response to the Complaint, to enable new

9  counsel to familiarize himself with this adversary proceeding and the other pending adversary

10  proceedings, and the bankruptcy case in general. Attached hereto and incorporated herein by this

11  reference as Exhibit "A" is a copy of the Olson correspondence.

12      10.     In connection with the Complaint, the Plaintiff hired experienced competent

13  bankruptcy counsel (Michael Kogan of the Kogan Law Firm, APC – who substituted in on July

14  24, 2023). Mr. Kogan is extremely familiar with both the issues in this adversary proceeding, and

15  the rules and procedures of this Court to enable the adversary proceeding to proceed in a normal

16  manner.

17      11.     On July 24, 2023, the day Mr. Kogan substituted in as counsel, he called Paul

18  Young, counsel for the Plaintiff. Although Mr. Young did not answer, he left a message indicating

19  that he had substituted in as counsel for the Defendant and was requesting a continuance of the

20  August 9, 2023 status conference, a vacation of the default and a reasonable time to respond to the

21  Complaint.

22      12.     On July 25, 2023, Mr. Kogan and Mr. Young had a lengthy discussion regarding

23  the adversary proceeding and the bankruptcy case in general and again Mr. Kogan requested a

24  continuance of the August 9, 2023 status conference, a vacation of the default and a reasonable

25  time to respond to the Complaint, and the preparation of the joint status report. Mr. Young

26  indicated he would speak with his client.

27      13.     On July 26, 2023, Mr. Kogan called Mr. Young in the morning to inquire if he had

28  been able to discuss the requested continuances and vacation of the default with his client. Mr.

1 | Young stated he was scheduled to talk with his client at 3:00 p.m., and would get back to Mr.

2 | Kogan after that conversation.

3 |      14.    On July 27, 2023, Mr. Kogan received Mr. Young's response which stated that "I

4 | have discussed your request seeking a stipulation to set aside the entry of default with my client,

5 | and he is unwilling to agree to your request. I understand that you will need to bring a Motion to

6 | Set Aside the Default, and we will oppose it accordingly. I have enjoyed our professional and

7 | cordial working relationship to date, and I do not want our refusal to stipulate in this instance to be

8 | seen as a "shot over the bow" as we move forward in the bankruptcy cases. Please always reach

9 | out to me if you need any accommodation or other professional courtesy."

10 |      15.    On July 28, 2023, Mr. Kogan responded "I am of course extremely disappointed

11 | that you would force all to incur further needless expenses on this matter. That being said I will be

12 | filing a motion to vacate the default and have it set for hearing most likely on 9/6. If you change

13 | your mind please let me know." Attached hereto and incorporated herein by this reference as

14 | Exhibit "B" is a copy of the July 27 and 28, 2023 emails.

15 |      I declare under penalty of perjury that the foregoing is true and correct.

16 |      Executed this 2th day of August 2023, at Los Angeles, California

17 |

18 |      /s/Michael S. Kogan

19 |      Michael S. Kogan

**MOTION TO SET ASIDE DEFAULT**

# EXHIBIT A

## Michael Kogan

| | |
|---|---|
| **From:** | eric@EJOlsonLaw.com |
| **Sent:** | Wednesday, July 19, 2023 10:39 AM |
| **To:** | 'Nikko Stevens'; Michael Kogan |
| **Cc:** | 'Leslie Klein'; kleinlaw@earthlink.net |
| **Subject:** | RE: Klein BK ADV -- request to extend time to respond to your AP |

Nikko - as promised, the "real" bankruptcy attorney is Michael Kogan who is copied on this email. He has asked me to request of you an extension to plead to August 15.

I also note that you have requested entry of default – while I think it was inappropriate to do so – see Rutter, Civil Procedure before Trial ¶5:29.2 – we would be requesting that you withdraw the default

Note New Address

*Eric J Olson*

E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

---

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Monday, July 17, 2023 2:39 PM
**To:** 'Nikko Stevens' <Nikko@cym.law>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

I was informed today that Mr. Klein has engaged a "real" bankruptcy attorney as of this morning and has given him a retainer check. I expect to be able to go public with his name and contact information as of Wednesday.

You had extended the courtesy of stipulating to an extension to permit him to get a "real" bankruptcy attorney; we will be requesting a stipulation to a further extension of 30 days so that he can respond and take care of the other things required.

Note New Address

*Eric J Olson*

E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Thursday, June 29, 2023 3:01 PM
**To:** 'Nikko Stevens' <Nikko@cym.law>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Nicco, I will be submitting these in the morning as I am about to leave the office. See attached the corrected form of order. My apologies on that.

Note New Address

*Eric J Olson*

E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

---

**From:** Nikko Stevens <Nikko@cym.law>
**Sent:** Thursday, June 29, 2023 2:11 PM
**To:** eric@EJOlsonLaw.com
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Attorney Olson.  Good Afternoon.

Thank you—attached is the version containing our signature that you have our permission to file.

Please note on the proposed order, fix the adversary case number.

Nikko

Nikko S. Stevens, Esq.
*Senior Associate*

---

**CHORA YOUNG & MANASSERIAN LLP**
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office: (626) 744-1838  |  Fax: (626) 744-3167
Email: nikko@cym.law

---

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information, and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the

purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Wednesday, June 28, 2023 10:53 AM
**To:** Nikko Stevens <Nikko@cym.law>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP



I have "accepted" all your redlines and reprinted as attached.  Please sign and return.

Note New Address

*Eric J Olson*
E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

**From:** Nikko Stevens <Nikko@cym.law>
**Sent:** Wednesday, June 28, 2023 10:10 AM
**To:** eric@EJOlsonLaw.com
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Good Morning, Attorney Olson:

Please see our conditions to agreement attached.

Thank you,

Nikko

Nikko S. Stevens, Esq.
*Senior Associate*

**CHORA YOUNG & MANASSERIAN LLP**
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office: (626) 744-1838  |  Fax:  (626) 744-3167
Email:  nikko@cym.law

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information; and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy

all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Tuesday, June 27, 2023 1:14 PM
**To:** Nikko Stevens <Nikko@cym.law>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP



See proposed stip and order

Note New Address

*Eric J Olson*
E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

---

**From:** Nikko Stevens <Nikko@cym.law>
**Sent:** Tuesday, June 27, 2023 9:45 AM
**To:** eric@EJOlsonLaw.com
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Good Morning, Attorney Olson:

Will you please send a draft stipulation and proposed order?

Thank you,

Nikko

Nikko S. Stevens, Esq.
*Senior Associate*

**CHORA YOUNG & MANASSERIAN LLP**
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office: (626) 744-1838 | Fax: (626) 744-3167
Email: nikko@cym.law

---

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information, and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Monday, June 26, 2023 12:30 PM
**To:** Nikko Stevens <Nikko@cym.law>
**Subject:** request to extend time to respond to your AP



Nikko, in response to my request for stipulation to extend time to respond to July 12, 2023, you stipulated to June 27.  All other parties stipulated to July 12.   Mr. Klein is still seeking bankruptcy counsel and will be meeting with a prospect on Wednesday.  Could you please stipulate to July 12?

Note New Address

*Eric J Olson*
E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

# EXHIBIT B

## Michael Kogan

| | |
|---|---|
| **From:** | Michael Kogan |
| **Sent:** | Friday, July 28, 2023 7:23 AM |
| **To:** | Paul Young |
| **Cc:** | Nikko Stevens; Jaclyn Poon; Joseph Chora |
| **Subject:** | RE: Menlo v. Klein (In re Leslie Klein)-2:23-ap-01152-SK |

Paul

I am of course extremely disappointed that you would force all to incur further needless expenses on this matter
That being said I will be filing a motion to vacate the default and have it set for hearing most likely on 9/6

If you change your mind please let me know
thanks

*Michael S. Kogan*
KOGAN LAW FIRM, APC

11500 W. Olympic Blvd., Suite 400
Los Angeles, California  90064
Phone: 310-954-1690
Mobile: 213-359-1097

**Email: mkogan@koganlawfirm.com**

Please consider the environment before printing this email.

THIS MESSAGE MAY BE A CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION SUBJECT TO EVIDENTIARY PRIVILEGE OR
CONTAINING ATTORNEY WORK PRODUCT.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DELETE THIS MESSAGE
AND NOTIFY THE SENDER.



**From:** Paul Young [mailto:paul@cym.law]
**Sent:** Thursday, July 27, 2023 12:41 PM
**To:** Michael Kogan <mkogan@koganlawfirm.com>
**Cc:** Nikko Stevens <Nikko@cym.law>; Jaclyn Poon <Jaclyn@cym.law>; Joseph Chora <joseph@cym.law>
**Subject:** Menlo v. Klein (In re Leslie Klein)-2:23-ap-01152-SK

Mr. Kogan:

I hope this email finds you well.

I have discussed your request seeking a stipulation to set aside the entry of default with my client, and he is unwilling to agree to your request. I understand that you will need to bring a Motion to Set Aside the Default, and we will oppose it accordingly.

I have enjoyed our professional and cordial working relationship to date, and I do not want our refusal to stipulate in this instance to be seen as a "shot over the bow" as we move forward in the bankruptcy cases. Please always reach out to me if you need any accommodation or other professional courtesy. Thank You.

Best Regards,

Paul P. Young
Attorney at Law


Paul P. Young
*Attorney at Law*
*California Private Investigator #27573*
*Certified Fraud Examiner (ACFE)*

## CHORA YOUNG & MANASSERIAN LLP
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office: (626) 744-1838 | Fax: (626) 744-3167
Direct: (626) 744-1838 | Email: paul@cym.law

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information, and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

| In re: LESLIE KLEIN | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 2:23-bk-10990-SK |
| Franklin H. Menlo, co-trustee of | Adv. No. 2:23-ap-01152-SK |
| The Franklin Menlo Irrevocable Trust | |
| established on March 1, 1983 v Leslie Klein | |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064

A true and correct copy of the foregoing document described as **MOTION TO SET ASIDE DEFAULT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **August 3, 2023**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 3, 2023 | Pamela Lynn | /s/Pamela Lynn |
| Date | Type Name | Signature |

| In re: LESLIE KLEIN<br><br>                      Debtor(s).<br><br>Franklin H. Menlo, co-trustee of<br>The Franklin Menlo Irrevocable Trust<br>established on March 1, 1983 v Leslie Klein | CHAPTER: 11<br>CASE NUMBER: 2:23-bk-10990-SK<br>Adv. No. 2:23-ap-01152-SK |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Eric J. Olson on behalf of Defendant Leslie Klein: eric@ejolsonlaw.com
• Paul P. Young on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983: paul@cym.law; jaclyn@cym.law
• Nikko Salvatore Stevens on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983: nikko@cym.law; mandi@cym.law
 Alan G Tippie on behalf of Interested Party Courtesy NEF: Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
• Clarisse Young on behalf of Interested Party Courtesy NEF: youngshumaker@smcounsel.com, levern@smcounsel.com
• Michael I. Gottfried on behalf of Interested Party Courtesy NEF: mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** - VIA U.S. MAIL

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple St. #1582
Los Angeles, CA 90012