**CHORA YOUNG & MANASSERIAN LLP**
Paul P. Young (SBN 257571)
Nikko S. Stevens (SBN 305843)
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Tel.: (626) 744-1838
Fax: (626) 744-3167
paul@cym.law
nikko@cym.law

Attorneys for Creditor and Plaintiff
Franklin H. Menlo, co-trustee of
The Franklin Menlo Irrevocable Trust
established on March 1, 1983

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>    Leslie Klein,<br><br>                Debtor.<br>_____<br>Franklin H. Menlo, co-trustee of<br>The Franklin Menlo Irrevocable Trust<br>established on March 1, 1983,<br><br>         Plaintiff,<br><br>    vs.<br><br>Leslie Klein,<br><br>        Defendant. | Case No. 2:23-bk-10990-SK<br><br>Adv. No.:  2:23-ap-01152-SK<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION OF DEBTOR-DEFENDANT TO SET ASIDE ENTRY OF DEFAULT; DECLARATION OF NIKKO S. STEVENS**<br><br>[Related to Doc 24]<br><br>**<u>Hearing Date and Time:</u>**<br><br>Date:    September 6, 2023<br>Time:   9:00 a.m.<br>Place:   Courtroom 1575<br>          Edward R. Roybal Federal Bldg.<br>          Courthouse<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

1  **TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY**

2  **JUDGE, DEFENDANT LESLIE KLIEN, AND ALL PARTIES IN INTEREST:**

3     Plaintiff-Creditor ("Plaintiff") Franklin H. Menlo, co-trustee of the Franklin

4  Menlo Irrevocable Trust Established March 1, 1983, submits this opposition

5  ("Opposition") to the Motion to Set Aside Default ("Motion") [Doc 24] filed by

6  Defendant-Debtor Leslie Klein ("Defendant"), and in support hereof, represents and

7  alleges as follows:

8  **I.**

9  **INTRODUCTION**

10     Defendant is not honest.  Defendant is a criminal, fraudster, thief, a "sophisticated"

11  attorney, and discredited accountant.  The Petition[1] was filed as Subchapter V.

12  Defendant's forms and schedules were a mess.  Containing multiple omissions, errors,

13  etc.  (Defendant's first amended schedules list two bank accounts although Trustee Sharp

14  located eight).[2]  Defendant lied at the 341 Meeting, and more recently post-petition in

15  Nonbankruptcy Action.

16     Defendant through his Motion must prove a meritorious case.  This is near to

17  impossible considering the circumstances, e.g., R&R in Nonbankruptcy Action

18  (reflecting a multi-week trial with Defendant testifying multiple days, thousands of pages

19  of forensic evidence, etc.), and the other related fraud patterns articulated and put forth

20  into this Court by the other creditors of Defendant in this Bankruptcy Case.

21     Attorney Berger, Defendant's first attorney in Bankruptcy Case, was out on May

22  23, 2023.  The disclosure stated Attorney Olson, Defendant's second attorney, was to be

23  the replacement in Bankruptcy Case but not this adversary.  But then they said at the last

24  minute that Attorney Olson was not a bankruptcy attorney.  They wanted agreements

25  from all the creditors initiating adversaries to buy more time and further delay increasing

26  expense for Plaintiff.  Plaintiff did not agree to 30-days, instead 15.  And a day after

27
28  [1] Capitalized terms herein are defined in the Complaint [Doc 1].
    [2] See e.g., Doc 199, ¶ 12.

2
OPPOSITION TO MOTION OF DEBTOR TO SET ASIDE ENTRY OF DEFAULT

1  Defendant's response was due under the second agreement to extend the time for

2  Defendant to respond, not hearing from Defendant, Plaintiff requests Default.

3  Four days later, Defendant contacts Plaintiff indicating that a new unnamed

4  attorney had been retained and does not mention the request for entry of default.  Enter

5  Attorney Kogan.  Plaintiff's attorneys accepted the invitation to discuss the entry of

6  default and agreed to discuss Defendant's requests further with Plaintiff.  Plaintiff, after

7  being abused and victimized by Defendant for so long, and out of so much money, cannot

8  in good faith agree to Defendant's requests under the circumstances.[3]

9  Motion is borne from status quo of Defendant's strategic delay tactics and the

10 Court should deny it.  Defendant fails to satisfy all three of the *Falk*[4] factors,

11 notwithstanding that failure to satisfy any is grounds to deny the Motion.  The culpability

12 for Defendant's failure to file a response by the twice-postponed deadline of July 12,

13 2023 rests with Defendant.  Moreover, Motion does not allege facts constituting defenses

14 to Complaint.  For good reason considering without limitation the R&R of

15 Nonbankruptcy Action.  Finally, reopening the litigation prejudices Plaintiff who will

16 suffer more injury prosecuting the Complaint incurring more fees and costs against

17 Defendant.  Motion fails under the *Falk* factors, therefore the Motion should be denied.

## II.

## BACKGROUND FACTS

### A.    The Menlo Trusts & Prepetition Litigation Against Defendant[5]

21 Sam Menlo ("Sam") and Vera Menlo ("Vera") amassed significant wealth and had

22 five children:  Franklin Henry Menlo [Plaintiff herein, in his individual capacity],

23 Deborah Menlo Deutsch, Norine Eve Menlo, Judith Menlo Frankel, and Madeline Menlo

24 Lipschitz.  Sam and Vera established irrevocable trusts for each of their five children

---

[3] See e.g., Doc 249-2, at 189:15–190:9.
[4] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).
[5] The following facts are taken from the R&R [Doc 1, at 38–44], upon which Plaintiff's
Complaint [Doc 1] is based.

(collectively, "Children's Trusts") and 36 grandchildren (collectively, "Grandchildren's Trusts").

In September 2012, Plaintiff, in his individual capacity, filed a petition in Nonbankruptcy Action seeking removal of Defendant as trustee of the Menlo Trusts, an accounting, and issuance of a surcharge. A total of 24 beneficiaries [Sam and Vera's four living children and 20 grandchildren] filed separate petitions against Defendant seeking the same relief with regard to their respective trusts (these 24 trusts, collectively, the "Menlo Trusts"). The 24 petitions were subsequently determined to be "related" cases and all 24 proceedings were consolidated in Nonbankruptcy Action.

Having found to have submitted inadequate accountings for the Menlo Trusts, in December 2013, Nonbankruptcy Action ordered Defendant to file supplemental accountings which were to contain a "complete accounting." Between 2013 to 2019, Defendant purported to account for each of the Menlo Trusts for three different accounting periods, i.e., a total of 72 separate accountings.

Ultimately, on September 21, 2021, 9 years after Plaintiff filed his petition for removal and 25 years after Defendant assumed responsibility as trustee – during which Defendant cheated, lied, and stole from the Menlo Trusts – the court in Nonbankruptcy Action appointed Referee under Code of Civil Procedure § 639 to conduct trials on Defendant's three accountings for each of the Menlo Trusts. Referee held trials over 23 non-consecutive days, took testimony from over a dozen witnesses, and received and reviewed hundreds, if not thousands, of pages of documentary exhibits.

In a detailed, comprehensive 84-page ruling, Referee recommended a surcharge of $30,104,182 against Defendant, leaving open the issues of prejudgment interests and attorneys' fees and costs. This surcharge is comprised of a principal surcharge of $19,225,065, plus an additional consolidated surcharge of $11,176,758 under Probate Code § 859. The Referee made factual findings that Defendant, once an estate planning attorney and certified public accountant, over the course of years, misappropriated $19,225,065 from the Menlo Trusts through a combination of actual cash embezzlement,

4

diminishing the value of the Menlo Trusts by taking out unnecessary loans (including against life insurance policies held by the Menlo Trusts thereby reducing the value and payout of these policies), allowing the policies to lapse, and causing the Menlo Trusts to pay interest on these unnecessary loans.

After the R&R was issued, Plaintiff sought removal of Defendant as trustee.  On September 16, 2022, based on the findings in the R&R, the Nonbankruptcy Action court granted Plaintiff's *ex parte* application for a temporary restraining order to suspend Defendant's service as trustee of the Menlo Trusts.  Plaintiff and Jeffrey Winter were thereafter appointed interim co-trustees.  See Bk. Doc 84-1, at 363–64.

In a further effort to avoid collection efforts,[6] Defendant attempted to sell two residential properties in which he held an interest, at a substantial discount.  See Bk. Doc 84-1, at 469–76.  As a result, and on Plaintiff's request, the Nonbankruptcy Action issued an order on November 17, 2022, restraining Defendant ("TRO") from "transferring, selling, disposing of, encumbering, or hypothecating" property and requiring Klein to "disclose all such assets" that he owns or in which he holds any ownership interest.  See Bk. Doc 84-1, at 481–86.  In blatant disregard of the TRO, Defendant admitted to trying to take out a loan on one of his properties and he further failed to fully disclose his personal assets, thereby leading to the issuance of an order to show cause for contempt on December 14, 2022.   See Bk. Doc 84-1, at 491–97, 504–28.

The Nonbankruptcy Action thereafter held a hearing on January 12, 2023, regarding adoption of the R&R.  The Court issued a tentative decision to adopt and confirm the R&R as the order of the Nonbankruptcy Action ("Tentative Ruling").  See Doc 1, at 38–44.  Seeing the "writing on the wall," Defendant filed his Petition. See e.g., Doc 24, at 3:26−28 (admission confirming this).

---

[6] See e.g., Doc 24, at 3:26–28 (admissions of Defendant).

OPPOSITION TO MOTION OF DEBTOR TO SET ASIDE ENTRY OF DEFAULT

**B.**   **The Adversary Proceeding And Default**

Defendant filed a voluntary chapter 11 petition on February 22, 2023, and elected to proceed under Subchapter V.  Bk. Doc 1.  In response to a creditor's motion to dismiss the case, Bradley D. Sharp was appointed chapter 11 trustee.  Bk. Doc 151; Bk. Doc 156.

On April 25, 2023, Plaintiff moved for relief from automatic stay under 11 U.S.C. § 362 in the Bankruptcy Action.  Bk. Doc 84.  At the Trustee's request, the Court continued the hearing on the RFS Motion to November 15, 2023.  Bk. Doc 246.

On May 11, 2023, Plaintiff filed his Complaint [Doc 1], giving rise to the instant adversary proceeding ("Adversary Action").  Plaintiff timely served the Complaint, summons, and related pleadings on May 18, 2023.  Doc 5.  Pursuant to the Summons, the initial deadline to respond to the Complaint ("Response Deadline") was June 12, 2023.  Doc 2.

At the time the Complaint was filed, Defendant was represented by Michael Jay Berger and the Law Offices of Michael Jay Berger.  Thereafter, Mr. Berger was replaced by Eric Olson by substitution of attorney filed on May 23, 2023.  Bk. Doc 150.  Defendant, represented by counsel Eric J. Olson, requested the Response Deadline be extended to allow Defendant to retain new counsel and Plaintiff so stipulated ("First Stipulation").  Doc 9.  The Court approved the First Stipulation and Defendant's response deadline was extended to June 27, 2023.  Doc 12.

At Defendant's further request, Plaintiff stipulated to a second extension of the Response Deadline ("Second Stipulation").  Doc 14.  Defendant was represented by counsel Eric J. Olson in preparation of the Second Stipulation.  Plaintiff respected the Second Stipulation which extended the Response Deadline to July 12, 2023.

The day after the second extended Response Deadline passed, with no response to the Complaint filed nor any further extension requested, Plaintiff requested entry of default on July 13, 2023 and served his request on Defendant's counsel, Olson.  Doc 16; Doc 16-2.  On July 17, 2023, while the requested entry for default was still pending,

OPPOSITION TO MOTION OF DEBTOR TO SET ASIDE ENTRY OF DEFAULT

Plaintiff's counsel was informed that Defendant "has engaged a 'real' bankruptcy attorney as of this morning" and requested a *third* extension of the Response Deadline by another 30-days, without acknowledgement of Plaintiff's requested default.  Doc 24, at 16.  The next day, July 18, Plaintiff resubmitted Plaintiff's request for entry of default after receiving notice that the first default requested was not entered.  Doc 17; Doc 18; Doc 18-2.  Default was entered by the Court later the same day on July 18, 2023.  Doc 19.

Plaintiff's counsel accepted Defendant's invitation to discuss the entry of default and agreed to discuss Defendant's requests further but Plaintiff could not agree.  Decl. of Nikko Stevens, attached hereto ["Stevens Decl."], ¶ 2, Ex. 1; Doc 24, at 22–23.  Attorney Kogan entered an appearance for Defendant by substitution of attorney in this Adversary Action on July 27, 2023.  Doc 22.

## III.

## **DEFENDANT HAS FAILED TO CARRY HIS BURDEN**

## **TO SET ASIDE THE DEFAULT**

### A.    **Legal Standard**

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  FRCP 55(c), made applicable herein by FRBP 7055.  The Ninth Circuit has explained three factors must be satisfied to meet the "good cause" standard of FRCP 55(c):

> To determine "good cause", a court must "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; **or** (3) whether reopening the default judgment would prejudice the other party … .  This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.

*U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up, with emphasis) (citing *Falk* factors").  The party seeking to vacate

7

1  the default bears the burden of proof.  *See Franchise Holding II, LLC. v. Huntington*

2  *Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

3  **B.    Defendant Was Culpable Which Led To The Default**

4  "The Ninth Circuit has held that a 'defendant's conduct is culpable for purposes

5  of the *Falk* factors where there is no explanation of the default inconsistent with a

6  devious, deliberate, willful, or bad faith failure to respond." *Halper v. Cohen (In re*

7  *Halper)*, 2019 WL 2762340, BAP No. CC-18-1225-TaLS, at *5 (B.A.P. 9th Cir. Jun. 28,

8  2019).  If a defendant "has received actual or constructive notice of the filing of the action

9  and failed to answer, its conduct is culpable." *Franchise Holding II*, 375 F.3d, at 926.

10  In this instance, there is no question that Defendant had actual notice of the

11  extended Response Deadline of July 12, 2023.  As acknowledged by his counsel, July 12

12  was an important date for him to remember as "[a]ll other parties stipulated to July 12."

13  Doc 24, at 20.  Defendant, through his counsel, requested two extensions of the Response

14  Deadline, both of which were satisfied.  Doc 9; Doc 12; Doc 14.  Thus, no argument can

15  be made that Defendant did not have notice—actual or constructive—of the continued

16  Response Deadline and, under controlling Ninth Circuit law, the failure to file a response

17  by the Response Deadline is culpable conduct by Defendant.

18  Defendant's argument that excusable neglect exists in this case is groundless.

19  First, there is no declaration from Attorney Olson attesting to any error, mistake,

20  misunderstanding, or other excuse for failure to comply with the requirement to timely

21  respond to the Complaint.  Next, even if he had submitted one, the testimony would lack

22  credibility.   A deadline to respond to a complaint and summons is not unique to

23  bankruptcy law and Olson furthermore demonstrated his familiarity with the importance

24  of such deadline when he requested and obtained two extensions.  Doc 24, at 16–20; *see*

25  *also* Doc 9; Doc 14.  There is no excusable neglect.  Defendant and his counsel simply

26  ignored the deadline.  This is a prime example of culpable conduct.  Indeed, Attorney

27  Olson could have communicated with Plaintiff's attorneys about filing a response to

28  preserve the litigation and then later to amend, which Plaintiff would have stipulated.

8

Attorney Olson took no action until after Plaintiff had requested entry of default – twice – and obtained default.  Stevens Decl. ¶ 2, Ex. 1; Doc. 24, at 16.

Moreover, the Motion pleads for the Court's leniency because a litigant should be not punished for the error of his counsel.  Doc 24, at 7:8–16, 10:8–21.  This argument fails because it ignores the fact that Defendant is not your average litigant, lacking in knowledge of the legal system.  Defendant is an attorney himself [Doc 1, at 3:20] and understands the importance of a deadline for responding to a complaint, as well as the consequences of missing such a deadline.  The case Defendant relies on to support this argument, *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), involves an average person as the defaulting litigant who lacks an understanding of the consequences for missing a responsive pleading deadline.  Doc 24, at 10:8–21.  Those facts the court relied on in *TCI Group Life* are not present here.

Again, Attorney Berger was out on May 23.  Bk. Doc 150.  With Defendant's resources, finding a replacement attorney should not have taken as long as it did.  Motion does not satisfy this first *Falk* factor.

### C.    Defendant Has No Meritorious Defense To The Complaint

With regard to this second factor:

> A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy… .  All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default … .  Rather, that question 'would be the subject of the later litigation.'

*U.S. v. Signed Pers. Check*, 615 F.3d 1085 at 1094.

Here, Defendant has alleged zero facts that would constitute a defense to the claims for relief under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) (collectively, "523 Claims").  See Doc 24-2, at 9:23–28.  Indeed, what specific facts can Defendant allege that will serve as a defense to Defendant's misappropriation of $19,225,065 from the

9

Menlo Trusts?  The findings in the R&R were detailed and comprehensive, issued after the Referee held consecutive trials over twenty-three days, heard testimony from over a dozen witnesses, and received hundreds if not thousands of pages of documentary evidence.  See Doc 1, at 46–131.  The burden is on Defendant to present the "specific facts" that would constitute a defense to the 523 Claims.  *See Franchise Holding II*, 375 F.3d at, 926.  Defendant has failed to carry that burden.

There is nothing whatsoever in the supporting declaration that amounts to allegations of "sufficient facts that, if true, would constitute a defense" (*U.S. v. Signed Pers. Check*, *supra*), nor does the memorandum assert any such facts.  Instead, Defendant merely, baldly contends "Plaintiff has not proved the elements of those actions with respect to a 523 action, and thus on the face of the Complaint, Defendant has a meritorious defense to those causes of action."  Doc 24, at 9:24–26v.  This argument does not even come close to addressing the requirement that Defendant "must present specific facts that would constitute a defense."  *U.S. v. Signed Pers. Check*, *supra*.  To obtain relief from default, the burden is on Defendant to demonstrate a meritorious defense.  Reliance on the fallacious argument "Plaintiff has not proved the elements of those causes of action" is unavailing.

The Motion has furthermore ignored once final judgment is entered in Nonbankruptcy Action, Plaintiff can the rely on that final judgment and the doctrine of issue preclusion (i.e., collateral estoppel) to prohibit relitigating issues previously decided.  See e.g., *Grogan v. Garner*, 498 U.S. 279, 285 (1991); *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R.817, 831-32 (9th Cir. BAP 2006); *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001).  Because the factual findings in the R&R will be binding and entitled to preclusive effect, Defendant has failed to demonstrate his ability to challenge the allegations of the Complaint which seek exceptions to discharge.

It is important to understand entry of the Nonbankruptcy Action judgment is not essential or a prerequisite to denial of the Motion.  The Complaint contains specific allegations of fraud, breach of fiduciary duty and willful and malicious injury.  Defendant

10

has not proffered a single allegation to contest those assertions.  He has failed to "present specific facts that would constitute a defense" and has therefore failed to carry his burden with respect to the 523 Claims.  His attempt to challenge the balance of claims in the Complaint is equally hollow.

Defendant argues he has a meritorious defense to Plaintiff's causes of action under 11 U.S.C. §§ 727(a)(2)(A), (a)(2)(B), (a)(3), (a)(4), and (a)(5) (collectively, "727 Claims") because 11 U.S.C. § 727 is inapplicable to chapter 11 cases.  See Doc 24, at 9:15–21.  Motion cites no authority for the proposition, which is wrong.  For example, 11 U.S.C. § 1141(d)(3) provides that:

> "The confirmation of a plan does not discharge a debtor if —
>
> (A)    the plan provides for the liquidation of all or substantially all of the property of the estate;
> (B)    the debtor does not engage in business after consummation of the plan; and
> (C)    **the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title**."

11 U.S.C. § 1141(d)(3) (emphasis added).  "Section 1141(d)(3) establishes the criteria for an exception to the usual rule that confirmation of a reorganization plan discharges a chapter 11 debtor's obligations, incorporating by reference the requirements of section 727(a)." *In re Dominguez*, 51 F.3d 1502, 1507 (9th Cir. 1995).  "Liquidating individuals are subject to denial of discharge if they have committed willful acts that support denial of discharge.  See 11 U.S.C. § 727(a)(2)–(7)." *Id*., at 1508.  The Ninth Circuit has held that, "section 1141(d)(3) is not self-executing for individual debtors; instead, it requires the timely filing of a complaint to initiate an adverse action." *Id*.; *see also* 11 U.S.C. § 1181(a) (listing only subsection (d)(5) of 11 U.S.C. § 1141 as being inapplicable to Subchapter V cases).  Accordingly, Defendant's legal argument that Defendant's claims for relief under § 727 are inapplicable to this case contravenes the plain language of the Bankruptcy Code and binding Ninth Circuit authority.

OPPOSITION TO MOTION OF DEBTOR TO SET ASIDE ENTRY OF DEFAULT

Finally, like his failure to provide any specific facts that would constitute a defense to the 523 Claims, Defendant has similarly, woefully failed to provide any allegations of specific facts that would constitute a defense to the 727 Claims.  Defendant has therefore failed to carry his burden to satisfy the second *Falk* factor regarding either the 523 or 727 Claims.  "It is important to recognize that a discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor."  *See e.g.*, *Matter of Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996).  Defendant's dishonesty is not to be rewarded by setting aside the default.

### D.    Reopening the Litigation Prejudices Plaintiff

"Under *Falk*, the question for prejudice is whether the plaintiff's ability to pursue its claim will be hindered" and attorneys' fees incurred by the non-defaulting party "are a significant source of prejudice."  *Halper*, *supra* at *6 (citations omitted).

Here, Plaintiff will be prejudiced if the Motion were granted in that it will be forced to incur additional and duplicative attorneys' fees to potentially relitigate facts and issues for which Defendant has no defense (as acknowledged by his failure to even allege facts to contest the allegations of the Complaint).  Defendant understands he cannot overturn or skirt the findings and conclusions of R&R, and so he wants to delay and waste time litigating against the Complaint.  But Plaintiff does not.  See, e.g., Doc 249-2, at 189:15–190:9.  No Rule 26(f) conference occurred.

Moreover, to the extent Defendant has non-estate resources to fund his defense, litigation will only further deplete the limited assets remaining, all to the detriment of creditors holding nondischargeable claims, like the Menlo Trusts.

More delay is the sole motivation for the Motion, a tactic overused by Defendant.  As discussed above, when the R&R was issued, Defendant accelerated his fraud.  Defendant's actions led to the Nonbankruptcy Action issuing temporary restraining orders and an order to show cause for contempt for Defendant's failure to fully account for assets.  Setting aside the Default will only cause further delay and hinder Plaintiff's ability to pursue its claims against Defendant.  Plaintiff has been pursuing Defendant to

OPPOSITION TO MOTION OF DEBTOR TO SET ASIDE ENTRY OF DEFAULT

hold him accountable for over a decade for wrongful actions that cover multiple decades. There is no justifiable reason to compound the injury.

## IV.

## CONCLUSION

Plaintiff understands the preference for judgment on the merits.  But this is not that.  Motion proffers no excuse for the neglect of Defendant and Defendant's attorneys.  They could and should have done things differently.  Like not expecting everyone to agree with them.  And providing more information.  And being more communicative.  Etc.

Motion does not proffer the requisite showing of a defense based on the merits.  Because there is no defense.  The burden is on Defendant and he failed to carry it.  The lying is rampant.

Based on the foregoing, Plaintiff requests the Motion be denied in that Defendant has failed to carry his burden to show the absence of all or frankly any of the three *Falk* factors.  Defendant engaged in culpable conduct, failed to allege any facts that would constitute a meritorious defense, and reopening the litigation would severely prejudice Plaintiff.

Dated: August 23, 2023            **CHORA YOUNG & MANASSERIAN LLP**


By:  /s/ Nikko S. Stevens, Esq.
                    Paul P. Young, Esq., CFE
                    Nikko S. Stevens, Esq.
                    Attorneys for Creditor and Plaintiff
                    Franklin H. Menlo, Co-Trustee of the
                    Franklin Menlo Irrevocable Trust
                    established March 1, 1983

OPPOSITION TO MOTION OF DEBTOR TO SET ASIDE ENTRY OF DEFAULT

1

## DECLARATION OF NIKKO S. STEVENS, ESQ.

2

## IN SUPPORT OF OPPOSITION TO MOTION OF DEBTOR-DEFENDANT TO

3

## SET ASIDE ENTRY OF DEFAULT

4

I, Nikko S. Stevens, Esq. declare as follows:

5

      1.      I am an attorney in good standing duly licensed by the State Bar of

6

California to practice law in the State of California.  I am admitted to practice before

7

the U.S. District Courts for the California Central and Eastern Districts, and the

8

California Central District Bankruptcy Court.  I am employed as a Senior Associate by

9

Chora Young & Manasserian LLP, attorneys of record for creditor and plaintiff

10

Franklin H. Menlo, co-trustee of The Franklin Menlo Irrevocable Trust established on

11

March 1, 1983 ("Plaintiff") in the above-captioned action.  I submit this declaration in

12

support of Plaintiff's opposition to the motion of debtor-defendant, Leslie Klein, to set

13

aside entry of default.  The statements herein are based upon my personal knowledge.

14

If called as a witness, I would competently testify hereto.

15

      2.      Attached hereto as **Exhibit 1** is a true and correct copy of correspondence

16

sent to Defendant's attorneys on July 20, 2023.

17

      I declare under the penalty of perjury under the laws of the United States of

18

America that the foregoing is true and correct to the best of my own personal

19

knowledge.  Executed on August 23, 2023 at Pasadena, California.

20

21

          */s/ Nikko S. Stevens, Esq.*
           Nikko S. Stevens, Esq.

22

23

24

25

26

27

28

OPPOSITION TO MOTION OF DEBTOR TO SET ASIDE ENTRY OF DEFAULT

# EXHIBIT 1

**Nikko Stevens**

---

| | |
|---|---|
| **From:** | Nikko Stevens |
| **Sent:** | Thursday, July 20, 2023 4:35 PM |
| **To:** | 'eric@EJOlsonLaw.com'; mkogan@koganlawfirm.com |
| **Cc:** | Paul Young; Jaclyn Poon; Joseph Chora; Mandi Peach |
| **Subject:** | RE: Klein BK ADV -- request to extend time to respond to your AP |

Attorneys Olson and/or Kogan:

Please note that you can discuss this matter with our firm's partner, Paul P. Young, Esq., CFE by telephone tomorrow at 626-325-4552.

Thank you,

Nikko

**Nikko S. Stevens, Esq.**
*Senior Associate*

---

**CHORA YOUNG & MANASSERIAN LLP**
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office: (626) 744-1838 | Fax: (626) 744-3167
Email: nikko@cym.law

---

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information, and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

---

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Wednesday, July 19, 2023 10:39 AM
**To:** Nikko Stevens <Nikko@cym.law>; mkogan@koganlawfirm.com
**Cc:** 'Leslie Klein' <les.kleinlaw@gmail.com>; kleinlaw@earthlink.net
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

External Email

Nikko - as promised, the "real" bankruptcy attorney is Michael Kogan who is copied on this email.  He has asked me to request of you an extension to plead to August 15.

I also note that you have requested entry of default – while I think it was inappropriate to do so – see Rutter, Civil Procedure before Trial ¶5:29.2 – we would be requesting that you withdraw the default

Note New Address

*Eric J Olson*

E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

---

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Monday, July 17, 2023 2:39 PM
**To:** 'Nikko Stevens' <Nikko@cym.law>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

I was informed today that Mr. Klein has engaged a "real" bankruptcy attorney as of this morning and has given him a retainer check. I expect to be able to go public with his name and contact information as of Wednesday.

You had extended the courtesy of stipulating to an extension to permit him to get a "real" bankruptcy attorney; we will be requesting a stipulation to a further extension of 30 days so that he can respond and take care of the other things required.

Note New Address

*Eric J Olson*

E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

---

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Thursday, June 29, 2023 3:01 PM
**To:** 'Nikko Stevens' <Nikko@cym.law>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Nicco, I will be submitting these in the morning as I am about to leave the office. See attached the corrected form of order. My apologies on that.

Note New Address

*Eric J Olson*

E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

---

**From:** Nikko Stevens <Nikko@cym.law>
**Sent:** Thursday, June 29, 2023 2:11 PM
**To:** eric@EJOlsonLaw.com
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Attorney Olson.  Good Afternoon.

Thank you—attached is the version containing our signature that you have our permission to file.

Please note on the proposed order, fix the adversary case number.

Nikko

**Nikko S. Stevens, Esq.**
*Senior Associate*

---

**CHORA YOUNG & MANASSERIAN LLP**
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office:  (626) 744-1838  |  Fax:  (626) 744-3167
Email:  nikko@cym.law

---

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information, and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

---

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Wednesday, June 28, 2023 10:53 AM
**To:** Nikko Stevens <Nikko@cym.law>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

External Email

I have "accepted" all your redlines and reprinted as attached.  Please sign and return.

3

<u>Note New Address</u>

*Eric J Olson*

E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
<u>Eric@EJOlsonLaw.com</u>

---

**From:** Nikko Stevens <<u>Nikko@cym.law</u>>
**Sent:** Wednesday, June 28, 2023 10:10 AM
**To:** <u>eric@EJOlsonLaw.com</u>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Good Morning, Attorney Olson:

Please see our conditions to agreement attached.

Thank you,

Nikko

**Nikko S. Stevens, Esq.**
*Senior Associate*

**CHORA YOUNG & MANASSERIAN LLP**
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office: (626) 744-1838 | Fax: (626) 744-3167
Email: nikko@cym.law

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information, and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

---

**From:** <u>eric@EJOlsonLaw.com</u> <<u>eric@EJOlsonLaw.com</u>>
**Sent:** Tuesday, June 27, 2023 1:14 PM
**To:** Nikko Stevens <<u>Nikko@cym.law</u>>
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

External Email

See proposed stip and order

Note New Address

*Eric J Olson*
E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

---

**From:** Nikko Stevens <Nikko@cym.law>
**Sent:** Tuesday, June 27, 2023 9:45 AM
**To:** eric@EJOlsonLaw.com
**Subject:** RE: Klein BK ADV -- request to extend time to respond to your AP

Good Morning, Attorney Olson:

Will you please send a draft stipulation and proposed order?

Thank you,

Nikko

**Nikko S. Stevens, Esq.**
*Senior Associate*

---

**CHORA YOUNG & MANASSERIAN LLP**
A Judgment Enforcement Firm
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Office: (626) 744-1838  |  Fax: (626) 744-3167
Email: nikko@cym.law

---

Legal Notices: Privileged And Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521); (b) may contain confidential and/or legally privileged information, and (c) is for the sole use of the intended recipient named above. If you have received this electronic message in error, immediately notify the sender at (626) 744-1838, delete this message from all computer memory all electronic storage devices, and destroy all printed and copied documents that contain this message. Any disclosure, copying, distribution, or use of the contents of the information received by anyone other than the intended recipient is strictly prohibited and is punishable under state and federal laws. Please note that nothing in this email should be construed as an agreement for legal representation and that unless there is an express representation agreement in writing between you and this firm, this firm does not represent you in your matter. IRS Circular 230 Disclosure: Any tax advice contained in this communication including any attachments hereto are not intended or written to be used - and cannot be used - for the purpose of avoiding tax-related penalties under the Internal Revenue Code, or promoting, marketing, or recommending to another party any matters addressed herein.

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Monday, June 26, 2023 12:30 PM
**To:** Nikko Stevens <Nikko@cym.law>
**Subject:** request to extend time to respond to your AP



Nikko, in response to my request for stipulation to extend time to respond to July 12, 2023, you stipulated to June 27.  All other parties stipulated to July 12.   Mr. Klein is still seeking bankruptcy counsel and will be meeting with a prospect on Wednesday.  Could you please stipulate to July 12?

Note New Address

*Eric J Olson*
E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
650 Sierra Madre Villa Ave., Ste. 304, Pasadena, CA 91107

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION OF DEBTOR-DEFENDANT TO SET ASIDE ENTRY OF DEFAULT; DECLARATION OF NIKKO S. STEVENS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 23, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**United States Trustee (LA):** ustpregion16.la.ecf@usdoj.gov

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 23, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Attorney for Defendant**
Michael Kogan
KOGAN LAW FIRM, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 23, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra Klein
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 23, 2023 | Mandi Peach | /s/ Mandi Peach |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued):**

- **Michael S. Kogan on behalf of Defendant Leslie Klein:** mkogan@koganlawfirm.com

- **Paul P. Young on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983:** paul@cym.law; jaclyn@cym.law

- **Nikko Salvatore Stevens on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983:** nikko@cym.law; mandi@cym.law

- **Alan G Tippie on behalf of Interested Party Courtesy NEF:** Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com

- **Clarisse Young on behalf of Interested Party Courtesy NEF:** youngshumaker@smcounsel.com, levern@smcounsel.com

- **Michael I. Gottfried on behalf of Interested Party Courtesy NEF:** mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                     **F 9013-3.1.PROOF.SERVICE**