Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Defendant
and the Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LELSIE KLEIN,<br><br>Debtor.<br>_____<br><br>THE FRANKLIN MENLO IRREVOCABLE TRUST ESTABLISHED ON MARCH 1, 1983,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN,<br><br>Defendant. | Adv. No. 2:23-ap-01152-SK<br><br>Case No. 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**REPLY TO OPPOSITION TO MOTION TO SET ASIDE DEFAULT**<br><br>Date:   September 6, 2023<br>Time:   9:00 a.m.<br>Place:  Courtroom 1575 |

Leslie Klein (the "**Debtor**" or "**Defendant**"), hereby files the reply ("**Reply**") to the "**Opposition**" filed by The Franklin Menlo Irrevocable Trust established on March 1, 1983 (the "**Plaintiff**") to the Motion to Set Aside Default (the "**Motion**") to the Complaint for Non-

---
REPLY TO OPPOSITION TO MOTION TO SET ASIDE DEFAULT

Dischargeability of Debt, and Denial of Discharge under Bankruptcy Code §§ 523, 727 (the "**Complaint**") as follows:

The Defendant will not address the inflammatory remarks made by Plaintiff in its Opposition, as they are just inappropriate. However, although Plaintiff believes that its non-dischargeability case against Defendant has merit, Plaintiff is entitled to defend such action in the bankruptcy court and obtain its discharge. The State Court has not entered an appropriate judgment against the Defendant, therefore the causes of action presented by Plaintiff in the Complaint may very well be defensible under the standards provided under Section 523 of the Bankruptcy Code. Plaintiff assumes that it has already succeeded. If that is the case the Plaintiff should not hide behind a default that should never been submitted to the Court. Although Plaintiff cries about the status of Defendant and perhaps the inabilities of previous counsel, it is apparent it would rather not proceed on the merits because the Plaintiff could very well lose on the merits.

Contrary to the Opposition, the Court should set aside entry of the default against the Defendant pursuant to Fed. R. Civ. P. 55(c) because there is good cause for the Defendant's delay in appearing in this action. The Defendant is ready and willing to litigate this adversary proceeding. The Defendant's delay in responding was not culpable, and the Defendant has meritorious defenses to the Complaint. The Plaintiff will not suffer any prejudice in pursuing its claims if the default is set aside. Therefore, the Defendant has met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against him. For the foregoing reasons, the Defendant respectfully requests that the Court grant the Motion. The default should be vacated by the Court.

A.  **Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.**

The Plaintiff wants a quick victory to save "additional and duplicative attorneys' fees"[1] which it presents in the Opposition. This is not sufficient to deny relief from the default.  Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000).  The delay that has occurred herein does not result in tangible harm such as loss of evidence, increased difficulties of

---

[1] Opposition, page 12, line 14.

discovery, or greater opportunity for fraud or collusion. Certainly, the short delay herein in getting a response to the Complaint has not hindered the litigation in any tangible way. It should be noted that there are five (5) other non-dischargeabilty complaints against the Defendant, and the granting of the Motion would not put the Plaintiff on a different timetable than the other adversaries. Moreover, in the two (2) other adversaries in which the plaintiff obtained a default before Mr. Kogan became counsel of record for the Defendant, each party stipulated to vacate the default. Allowing the case to move forward on the merits after only a short delay should not prejudice Plaintiff's ability to litigate its case. The only prejudice that might result to Plaintiff by a denial of default, is that Plaintiff will not be able to ensure an easy victory. As no prejudice will result to Plaintiff in reopening this case, the good cause factor is satisfied.

   B.    **The Defendant Can Present a Meritorious Defense to the Claims**.

There can be no dispute that the Complaint contains causes of action under Sections 727(a)(2)(A), 727(a)(3), 727(a)(4) and 727(a)(5) of the Bankruptcy Code. Those sections of the Bankruptcy Code are inapplicable to chapter 11 bankruptcy cases because they only apply to chapter 7 debtors. Therefore, those causes of action which were consumed in the default, must be stricken by the Court. The Debtor and Defendant herein and the bankruptcy case is a chapter 11 bankruptcy case.

11 U.S.C § 103 provides:

(a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title, and this chapter, sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15.

(b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.

The 727 Causes of Action are part of Subchapter II of chapter 7, therefore according to Section 103(b) they can **only** apply to a case under chapter 7.[2] See also In re Duncan, 2012 Bankr. Lexis 524, 2012 WL 5462917 (Bankr. Az. 2012). Therefore, each of the 727 Causes of Action

---

[2] Chapter 11 has its own timing and Bankruptcy Code section that applies to the debtor's discharge of debts. See Section 1141. In a chapter 11 case, the complaint shall be filed no later than the first date set for hearing on confirmation. FRBP 4004(a).

should be dismissed by the Court. Thus, the Defendant clearly has a **meritorious** defense to those causes of action.

If the Defendant prevails on these defenses, the outcome would be contrary to the result achieved by default. Therefore, the Defendant has set forth a meritorious defense and satisfies the second good cause factor.

Moreover, the other causes of action (523 (a)(2)(A), 523 (a)(4) and 523 (a)(6)) all rely on proceedings that occurred in State Court, and Plaintiff has not proved the elements of those actions with respect to a 523 action, and thus on the face of the Complaint, the Defendant has a **meritorious** defense to those causes of action. If the Defendant prevails on these defenses, the outcome would be contrary to the result achieved by default. Therefore, the Defendant has set forth a meritorious defense and satisfies the second good cause factor.[3]

The Opposition rests on the premise that Plaintiff believes it will prevail on its Complaint. The Defendant disputes the Plaintiffs claims and believes it will prevail under the standards of the Bankruptcy Code. Moreover, the Plaintiffs position of its likelihood of success is not the measure in which the Court should evaluate the Motion. The Defendants' allegations and defenses are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.[4] Here they do.

C. **The Defendant Cannot be Found to have "Culpable Conduct".**

A party's "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). Further, in analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. While the Defendant did not file a response with the

---

[3] Doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted). A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). All that is required is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." Audio Toys, Inc. v. Smart AV Pty Ltd., 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

[4] See Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969).

4
**REPLY TO OPPOSITION TO MOTION TO SET ASIDE DEFAULT**

Court in time, the Defendant's conduct was excusable, because Mr. Olson who is not familiar with bankruptcy, requested a professional courtesy of the Plaintiffs' to allow for experienced bankruptcy counsel to be substituted in to defend in the adversary proceeding. The Defendant had no intent to gain an advantage over the Plaintiff or to delay legal proceedings. As the Defendant's delay in response was due to excusable neglect, the Court should find that Defendant's conduct was not culpable.[5]

Thus, no culpable conduct is found. Additionally, the Debtors (Defendant) would be seriously prejudiced in this case by not being permitted to defend this suit on the merits—a suit that requests the Court deny the discharge pursuant to 11 U.S.C. § 727. Indeed, a case should, whenever possible, be determined on the merits. Finally, contrary to Plaintiff's arguments in Opposition to the Motion, based on the record, there has not been deliberate, willful, or bad faith on the part of the Defendant, nor was there any serious delay in this case which would occur from setting aside the default.

The Defendant is ready and willing to litigate this adversary proceeding. The Defendant's delay in responding was not culpable, the Defendant has meritorious defenses, and the Plaintiff will not suffer any prejudice in pursuing its claims if default is set aside. Therefore, the Defendant has met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against him.

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the Motion. The default should be vacated by the Court.

DATED: August 30, 2023        /s/Michael S. Kogan
                              Michael S. Kogan
                              Attorneys for Leslie Klein

---

[5] Mr. Olson should have simply obtained a stipulation to continue the matter or filed a motion with the Court if he could not obtain Plaintiffs cooperation. He did neither.

| | |
|---|---|
| In re: LESLIE KLEIN  Debtor(s).<br>Franklin H. Menlo, co-trustee of<br>The Franklin Menlo Irrevocable Trust<br>established on March 1, 1983 v Leslie Klein | CHAPTER: 11<br>CASE NUMBER: 2:23-bk-10990-SK<br>Adv. No. 2:23-ap-01152-SK |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064

A true and correct copy of the foregoing document described as **REPLY TO OPPOSITION TO MOTION TO SET ASIDE DEFAULT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 30, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **August 30, 2023**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **August 30, 2023** | Pamela Lynn | /s/Pamela Lynn |
|---|---|---|
| Date | Type Name | Signature |

| | |
|---|---|
| In re: LESLIE KLEIN                                          Debtor(s). <br> Franklin H. Menlo, co-trustee of <br> The Franklin Menlo Irrevocable Trust <br> established on March 1, 1983 v Leslie Klein | CHAPTER: 11 <br> CASE NUMBER: 2:23-bk-10990-SK <br> Adv. No. 2:23-ap-01152-SK |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Eric J. Olson on behalf of Defendant Leslie Klein: eric@ejolsonlaw.com
• Paul P. Young on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983: paul@cym.law; jaclyn@cym.law
• Nikko Salvatore Stevens on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983: nikko@cym.law; mandi@cym.law
Alan G Tippie on behalf of Interested Party Courtesy NEF: Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
• Clarisse Young on behalf of Interested Party Courtesy NEF: youngshumaker@smcounsel.com, levern@smcounsel.com
• Michael I. Gottfried on behalf of Interested Party Courtesy NEF: mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** - VIA U.S. MAIL

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple St. #1582
Los Angeles, CA 90012